**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Maria Reinoso | : |
| | : |
| | : |
| Plaintiff | : |
| | : Case No.: 22-cv-7485 |
| v. | : |
| | : |
| ESC Southampton LLC d/b/a Atlantic Hotel and Melissa Roth | : |
| | : |
| | : |
| | : |
| | : |
| | : JURY TRIAL REQUESTED |
| Defendants. | : |
| | : |
| | : |

## FIRST AMENDED COMPLAINT

## I.     PRELIMINARY STATEMENT

1.     Plaintiff worked as a cleaner in Defendants' hotel business, regularly working more than 60 hours per week, but was paid nothing whatsoever for many hours worked and was not paid a premium rate for all overtime hours as required by Federal and State law, and was frequently not paid timely.   Defendant's manager harassed Plaintiff, denigrating her repeatedly with racial insults and then fired her when she complained about the abuse and mistreatment.

2.     Plaintiff brings this action against Defendant ESC Southampton LLC d/b/a Atlantic Hotel and manager Melissa Roth (collectively "Defendants") for Defendants' failure to lawfully pay Plaintiff's wages for her work, for racial discrimination and for illegal retaliation.

3.     Plaintiff alleges violations of the minimum wage and overtime provisions of the federal

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the minimum wage, spread of hours, overtime, wage statement and wage notice provisions of New York Labor Law Article 19 § 650, *et seq.* ("NYLL").  Plaintiff seeks her earned but unpaid wages and liquidated damages pursuant to the FLSA; her earned but unpaid wages and liquidated damages pursuant to the NYLL; other statutory damages pursuant to the NYLL; and reasonable attorneys' fees, costs, and interest.

4.    Plaintiff also alleges violations of the provisions of 42 U.S.C. § 1981 ("Section 1981") and the New York State Human Rights Law ("HRL") prohibiting discrimination based on race, ethnicity, color, and national origin and seeks appropriate damages and fines and penalties as provided for by statute.

## II.    JURISDICTION AND VENUE

5.    This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216; 28 U.S.C. §§ 1331 and 1337, and Section 1981, 42 U.S.C. § 1981.  As this action arises under Acts of Congress regulating commerce, jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

6.    With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.    Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this claim occurred primarily within this judicial district.

## III.    THE PARTIES

8.    Plaintiff Maria Reinoso is an adult individual of Hispanic heritage and resident of the State

of New York, Suffolk County. Her consent to sue is attached hereto as Exhibit A.

9.      At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by

    a.   the FLSA, 29 U.S.C. § 203(e) (1);

    b.   the NYLL § 190; and

    c.   the HRL, N.Y. Exec. Law § 292.

10.     At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(b)(r)(1).   For example, upon information and belief, Plaintiff handled cleaning supplies and materials that were shipped to the Atlantic Hotel from outside of New York State and Plaintiff serviced guests who travelled to the Atlantic Hotel from outside of New York State.

11.     Upon information and belief, Defendant ESC Southampton LLC is a domestic corporation doing business as Atlantic Hotel in the State of New York and Suffolk County.   ESC Southampton LLC is headquartered at 1655 County Road 39 Southampton, NY 11968.

12.     Upon information and belief, Defendant Melissa Roth is a resident of the State of New York.

13.     At all relevant times, Defendant Melissa Roth was employed as a manager of the Atlantic Hotel housekeeping staff by ESC Southampton LLC.

14.     Upon information and belief, at all times relevant to the Complaint, Defendant Melissa Roth made all relevant decisions regarding Plaintiff's wages, working conditions, and employment status at the Defendant corporation.

15.　At all times relevant to the Complaint, Defendant Melissa Roth had the power to hire and fire Plaintiff, set Plaintiff's wages, retain time and/or wage records, and otherwise control the terms and conditions of Plaintiff's employment at the Defendant corporation.

16.　At all times relevant to the Complaint, Defendant Melissa Roth had the power to stop any illegal pay practices at the Defendant corporation.

17.　At all times relevant to the Complaint, Defendant Melissa Roth acted directly and indirectly in relation to the Defendant corporation's employees.

18.　At all times relevant to the Complaint, Defendant Melissa Roth aided, abetted, incited, compelled, or coerced, acts forbidden under HRL in violation of N.Y. Exec. Law § 296(6).

19.　At all times relevant to the Complaint, Defendant ESC Southampton LLC was an employer of Plaintiff as that term is defined by

　　　　a.　the FLSA, 29 U.S.C. § 203(e) (1);

　　　　b.　the NYLL § 190; and

　　　　c.　the HRL, N.Y. Exec. Law § 292.

20.　At all times relevant to the Complaint, Defendant Melissa Roth was an employer of each of the Plaintiffs as that term is defined by

　　　　a.　the FLSA, 29 U.S.C. § 203(e) (1);

　　　　b.　the NYLL § 190; and

　　　　c.　the HRL, N.Y. Exec. Law § 292.

21.　Upon information and belief, Defendants grossed more than $500,000 per year in revenue for the past five calendar years and individually and collectively are an enterprise engaged in commerce.

## IV.　STATEMENT OF FACTS

4

22. At all relevant times, Plaintiff performed physical labor in Defendants' hotel business including regularly cleaning the more than 60 rooms at the Atlantic Hotel in Southampton, NY.

23. Plaintiff worked for Defendants from approximately April 2022, when Defendants purchased the Atlantic Hotel, to approximately July 25, 2022 when Defendants terminated her employment.

24. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked Thursdays through Tuesdays from 8:00 a.m. to between 7:00 p.m. and 9:00 p.m.  When Plaintiff worked on Sunday, she typically began work at 9:00 a.m. and worked until between 7:00 p.m. and 9:00 p.m.  Frequently, Plaintiff also worked on Wednesdays from 8:00 a.m. to between 7:00 p.m. and 9:00 p.m.  which was supposed to be her day off.

25. Defendants paid Plaintiff an hourly rate for forty hours of work each week.  The rate was initially $19 per hour and then increased to $20 per hour.

26. Plaintiff was at first paid every two weeks and then paid on a weekly basis. As a result of Defendants' failure to pay Plaintiff on a weekly basis as required by NYLL, Plaintiff did not have access to her earned wages in time to pay bills and purchase necessities for herself and her family.  She was also deprived of the time value of money.

27. Defendants failed to always Plaintiff a premium rate for overtime hours, in violation of the FLSA and NYLL

28. In her first two weeks of employment with Defendants, Plaintiff worked at least 104 hours, as indicated on her paystub, but was only paid $19 for every hour worked.

29. In subsequent workweeks, Defendants did not pay Plaintiff anything whatsoever for most of her overtime hours.

30.    For example, for the two work weeks running from May 15, 2022 to May 28, 2022, Plaintiff worked at least 66 hours each week, totaling at least 122 hours for the two-week period. She only paid for 82 hours of work during that two-week period and paid a total of $1,577, thereby earning less than $12 per hour.

31.    Defendants never paid Plaintiff a premium rate for the additional time for days in which Plaintiffs worked more than 10 hours, in violation of the NYLL.

32.    Plaintiff did not receive at the time of hiring, or at any subsequent time, a wage notice in English or Spanish, the Plaintiff's primary language, containing the information outlined in NYLL § 195(1)(a), such as the rate of pay.

33.    Plaintiff did not receive accurate weekly wage stubs or statements containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

34.    Defendants were aware or should have been aware that applicable law required them to pay employees such as Plaintiff at least minimum wage for every hour worked and premium pay for all hours worked in excess of forty (40) per week.  Defendant's violations of the wage and hour laws were willful.

35.    Defendant Melissa Roth confiscated all cash tips that were left by customers for Plaintiff and did not distribute any of this money to Plaintiff or her co-workers.

36.    Defendant Melissa Roth verbally abused and threatened Plaintiff on a regular basis, repeatedly saying to her: "You are a stupid fucking piece of shit Latina" and "You are a stupid immigrant.  I am going to call immigration on you." Defendant Melissa Roth also directed these statements to other Hispanic employees who worked alongside Plaintiff.

37.    Plaintiff complained to Defendant Melissa Roth about this behavior and was then

summarily fired.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### *Fair Labor Standards Act – Overtime*

38.     Plaintiff restates, re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

39.     Defendants willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

40.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

### SECOND CAUSE OF ACTION

#### *NYLL – Minimum Wage*

41.     Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

42.     Defendants willfully violated Plaintiff's rights by failing to timely pay Plaintiff at the applicable minimum hourly wage, in violation of NYLL.

43.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 191, 198 and 663.

### THIRD CAUSE OF ACTION

### *NYLL – Overtime*

44.     Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

45.     Defendants willfully violated Plaintiff's rights by failing to timely pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

46.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 191, 198 and 663.

### FOURTH CAUSE OF ACTION

### *NYLL – Spread of Hours*

47.     Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

48.     Defendants willfully violated Plaintiff's rights by failing to pay an additional hour of pay for each hour worked in excess of ten in one day, in violation of NYLL and its regulations.

49.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid spread of hours wages, liquidated damages for unpaid wages, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

### FIFTH CAUSE OF ACTION

### *NYLL – Wage Notice*

50.     Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

51.     Defendants willfully failed to provide Plaintiff, at the time of hiring or any subsequent time, a wage notice in English or Spanish, the Plaintiffs' primary language, containing the information required by NYLL § 195(a), such as the rate of pay.

52.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## SIXTH CAUSE OF ACTION

### *NYLL – Wage Statement*

53.     Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

54.     Throughout the entire course of her employment, Defendants willfully failed to provide Plaintiff weekly wage stubs or statements containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

55.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, statutory damages for failure to provide required wage notices and wage statements, reasonable attorneys' fees, interest, and costs of the action, pursuant to NYLL §§ 198 and 663.

## SEVENTH CAUSE OF ACTION

### *Section 1981 – Discrimination*

56. Plaintiff re-alleges and incorporate by reference all of the previous allegations as if fully set forth herein.

57. By the actions set forth above, among others, Defendants have discriminated against Plaintiff in violation of Section 1981.

58. Defendants discriminated against Plaintiff because of her Hispanic race and ethnicity and subjected her to a hostile work environment because of her Hispanic race and ethnicity.

59. As a result of Defendants' illegal actions, Plaintiff has suffered, and continues to suffer, economic harm including loss of past and future income, mental anguish, and emotional distress for which she is entitled to damages.

60. Defendants' actions were malicious, willful, and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### *New York State Human Rights Law – Discrimination*

61. Plaintiff restates, re-alleges and incorporate by reference all of the previous allegations as if fully set forth herein.

62. By the actions set forth above, among others, Defendants have discriminated against Plaintiff in violation of the New York State Human Rights Law.

63. Defendants discriminated against Plaintiff and subjected the Plaintiff to a hostile work environment because of her race, ethnicity, national origin, and color.

64. Defendants' actions were in direct violation of the New York State Human Rights Law, Executive Law § 290 et. seq. 71.

65. As a result of Defendants' willful and illegal actions, Plaintiff has suffered, and continues to suffer, economic harm including loss of past and future income, mental anguish, and

emotional distress for which she is entitled to damages

## NINTH CAUSE OF ACTION

### *Section 1981 – Retaliation*

66.   Plaintiff re-alleges and incorporate by reference all of the previous allegations as if fully set forth herein.

67.   By the actions set forth above, among others, Defendants have retaliated against  Plaintiff in violation of Section 1981.

68.   Plaintiff engaged in protected activity, to wit:  complaining to Defendants about Defendant Melissa Roth's use of racial epithets and racialized abuse of Plaintiff and her co-workers.

69.   Defendants then subjected Plaintiff to adverse action, to wit: termination from employment and, upon information and belief, was motivated by Plaintiff's complaints.

70.   As a result of Defendants' illegal actions, Plaintiff has suffered, and continues to suffer, economic harm including loss of past and future income, mental anguish, and emotional distress for which she is entitled to damages.

71.   Defendants' actions were malicious, willful, and wanton violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

## TENTH CAUSE OF ACTION

### *NYHRL - Retaliation*

72.   Plaintiff restates, re-alleges and incorporate by reference all of the previous allegations as if fully set forth herein.

73.   By the actions set forth above, among others, Defendants have retaliated against Plaintiff in violation of the New York State Human Rights Law.

74.   Defendants   retaliated   against   Plaintiff   because   she   opposed   Defendant's   racial

discrimination against her and her co-workers.

75. Defendants' actions were in direct violation of the New York State Human Rights Law, N.Y. Exec. Law § 296(7).

76. As a result of Defendants' willful and illegal actions, Plaintiff has suffered, and continues to suffer, economic harm including loss of past and future income, mental anguish, and emotional distress for which she is entitled to damages

## ELEVENTH CAUSE OF ACTION

### *Tip Stealing*

77. Plaintiff re-alleges and incorporates by reference all of the previous allegations as if fully set forth herein.

78. Defendants willfully and unlawfully retained tips left by customers, which were intended as gratuities for Plaintiff in violation of NYLL 196-d.

79. Due to Defendants' NYLL violations, Plaintiff is entitled to the return of her tips.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

80. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the Fair Labor Standards Act;

81. Declare the Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the New York Labor Law;

82. Order Defendants to pay to Plaintiff all minimum and overtime wages owed, including paid sick time, consistent with FLSA;

83. Order Defendants to pay to Plaintiff all minimum, spread of hours, tips and

overtime wages owed, consistent with NYLL;

84.   Order Defendants to pay to Plaintiff the statutorily prescribed penalties for failure to provide Plaintiffs with notice required by NYLL;

85.   Award Plaintiff liquidated damages for all wages withheld in violation of FLSA;

86.   Award Plaintiff additional liquidated damages for all wages withheld or delayed in violation of NYLL;

87.   Grant judgment to Plaintiff on her New York Human Rights Law claims and award Plaintiff appropriate damages and fines and penalties as provided for by statute;

88.   Grant judgment to Plaintiff on her Section 1981 claims and award Plaintiff appropriate damages and fines and penalties as provided for by statute

89.   Award Plaintiff reasonable attorneys' fees, costs and interest; and

90.   Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## VI.  REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all claims to which she is entitled.


RESPECTFULLY SUBMITTED,


 /s/ Robert McCreanor
ROBERT MCCREANOR, Esq.
Law Office of Robert D. McCreanor, P.L.L.C.
245 Saw Mill River Rd. Suite 106
Hawthorne, NY 10532
(845) 202 1833
rmccreanor@rdmclegal.com

**ATTORNEY FOR THE PLAINTIFF**

Dated: December 7, 2022

13